UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RAY FISHER, JR.,<br><br>　　　　　Respondent. | Case No. 1:21-cv-01071-AWI-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 12) |

Petitioner Gregory Eugene Bisel, a state probationer, is proceeding pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, Petition). In response, Respondent filed a Motion to Dismiss. (Doc. No. 12). Petitioner filed an opposition to the Motion to Dismiss, and Respondent filed a reply. (Doc. Nos. 19, 21). For the reasons set forth below, the undersigned recommends granting Respondent's Motion to Dismiss.

**I. BACKGROUND**

Petitioner, a registered sex offender with two prior convictions, was convicted of two counts of annoying or molesting a child under the age of eighteen, and sentenced to fifteen years and eight months in prison. (*See* Doc. No. 1 at 2). On April 13, 2022, Petitioner informed the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

Court that he was "paroled from" Valley State Prison on March 8, 2022. (*See* Doc. No. 22).  The Petition "challenges time credits, not conviction." (*Id*. at 2)(emphasis in original).  Specifically, Petitioner contends: (1) CDCR denied "prospective application of [Proposition] 57[2] milestone, rehabilitative and good time credits, in violation of the due process [and] equal protection rights guaranteed by the [Fourteenth] Amendment" ; and (2) CDCR violated a federal court order "mandating immediate application of 33.3% good time credits and eligibility for milestone rehabilitative credits for all non-violent second-strike inmates," which also violates his due process and equal protection rights.  (Doc. No. 1 at 16-26)(emphasis in original).

In response, Respondent filed a motion to dismiss the Petition on the grounds it fails to state a cognizable claim for federal habeas relief.  (Doc. No. 12).  In opposition, Petitioner argues the Court has jurisdiction because he is claiming deprivation of a "state created liberty interest" in Proposition 57, and "rights created by a federal court" in *Coleman* and *Plata*.  (Doc. No. 19 at 1-2).  Respondent filed a reply.  (Doc. No. 21).

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  "The habeas statute

---

[2] On November 8, 2016, California voters adopted Proposition 57, known as the "The Public Safety and Rehabilitation Act of 2016," which made parole more available for certain felons convicted of nonviolent crimes.  Cal. Const. art. 1, § 32.  Proposition 57 provides, in pertinent part, that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense."  *Id*. at § 32(a)(1).  Of particular relevance here, Proposition 57 granted authority to the Secretary of the CDCR to adopt new regulations governing credit earning for good behavior and approved rehabilitative or educational achievements.  *Id*. at § 32(a)(2)-(b).

unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). In *Nettles*, the Ninth Circuit, in analyzing Supreme Court precedent distinguishing relief available via § 1983 or habeas corpus, concluded if a state prisoner's claim does not lie at "the core of habeas corpus," meaning where success on a claim would not necessarily lead to an immediate or speedier release, then the claim "may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Id*. at 931 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); 93 S. Ct. 1827 (1973)); *Skinner v. Switzer*, 562 U.S. 523, 535 (2011).

**A.  Ground One:  Application of Proposition 57**

Petitioner argues he meets the criteria of Proposition 57 and that "[n]umerous courts have determined the prospective, effective date of Prop. 57 is the day after the election, which was November 9, 2016; however, CDCR did not begin to apply [P]etitioner's [milestone achievement credits] until September 19, 2017; good time increased credits until May 1, 2017, and to date no RAC credits." (Doc. No. 1 at 16-17). Respondent contends that "the Petition fails to state a cognizable claim for relief because it unequivocally challenges the application of state law, for which there is not federal jurisdiction." (Doc. No. 12 at 3). The Court agrees.

It is well-settled in the Ninth Circuit that the application of California's Proposition 57 by state courts does not raise a federal issue; the application is solely a matter of state law. *See Hunter v. CDCR*, 2020 WL 4209658 (E.D. Cal. Mar. 27, 2020) ("challenge to CDCR's calculation of [] good time credits is not a federal or constitutional claim for relief."); *Sandoval v. CSP Sacramento Warden*, 2019 WL 1438554 (E.D. Cal. April 1, 2019); *Blanco v. Asuncion*, 2019 WL 2144452 (S.D. Cal. May 16, 2019); *Travers v. State of California*, 2018 WL 2357138 (S.D.

3

Cal. April 11, 2018). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Furthermore, even if Petitioner were to prevail on his claim that he is entitled to "prospective" Proposition 57 credits, it would not result in a discharge of parole because under California law the parole board must consider all relevant reliable information in determining suitability for parole, and "has the authority to deny parole on the basis of any grounds presently available to it." *Nettles*, 830 F.3d at 935 (citing *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)). Because success on Petitioner's claim would not necessarily lead to his immediate or earlier release from parole, the claim does not fall within "the core of habeas corpus," and is not cognizable in federal habeas corpus. *See id.*; *Blanco*, 2019 WL 2144452 at *3 ("Even if petitioner could establish that he is entitled to accrue good conduct credits because of the passage of Proposition 57 and that those credits should be applied retroactively, it 'would not necessarily lead to his immediate or earlier release from confinement.'"). Accordingly, the undersigned recommends that Ground One of the Petition be dismissed for lack of federal jurisdiction.

Further, while a court may convert a habeas petition to a civil rights complaint, the undersigned does not find recharacterization proper in this case. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition . . . ." *See Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). Here, the Petition names only the warden as the sole Respondent. Petitioner does not identify the persons responsible for allegedly committing the affirmative acts or omissions that allegedly violated his rights. Further, in granting Petitioner *in forma pauperis* status, the Court waived the $5.00 filing fee for a habeas corpus action, not the $350 filing fee that is payable over time and appliable to prisoners prosecuting a civil rights action. Due to these differences and the disadvantages that recharacterization may have on Petitioner's claims, the undersigned finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983. This conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed civil action pursuant to § 1983.

**B. Ground Two:** *Coleman/Plata*

4

Petitioner next contends that CDCR "violated an order issued by the Panel of Three Federal Judges on February 10, 2014, mandating immediate application of 33.3% good time credits for <u>all</u> non-violent-second-strike inmates; resulting in denial of petitioner's rights to equal protection, and due process guaranteed by the 14th Amendment to the U.S. Constitution." (Doc. No. 1 at 21)(emphasis in original).  As background, the February 10, 2014 order that provides the basis for Petitioner's asserted entitlement to additional credits derives from two prisoner civil rights class action cases: *Coleman v. Brown*, No. 2:90-cv-0520-KJM-DB (E.D. Cal.) involving a class of state prisoners with serious mental illnesses, and *Plata v. Brown*, No. 4:01-cv-1351-JST (N.D. Cal) involving a class of state prisoners with serious medical conditions.  *See Brown v. Plata*, 563 U.S. 493, 506 (2011).  Relevant here, on February 10, 2014, the three-judge panel presiding over the consolidated cases of *Coleman* and *Plata* ("*Coleman/Plata*") entered an order requiring the state to increase credits prospectively for non-violent second-strike offenders and minimum custody inmates, specifically mandating that non-violent second-strikers be eligible to earn good time credits at 33.3% and be eligible to earn milestone credits for completing rehabilitative programs.  *See Coleman*, 2:90-0520-KJM-DB (E.D. Cal. Feb. 10, 2014), Doc. Nos. 5060 at 3, 5061 at 3.  Petitioner argues that his constitutional rights have been violated by the CDCR's "failure" to comply with the February 10, 2014 order entered in *Coleman/Plata* that credit-earning provisions should apply to "all non-violent second strike" inmates, including, like Petitioner, those required to register as sex offenders under Penal Code section 290.  (Doc. No. 1 at 21-25).

However, as correctly noted by Respondent, "the Courts of this district have held that a habeas petitioner's constitutional rights are not expanded by *Plata* and *Coleman*, and that these class actions do not provide an independent constitutional platform upon which a petitioner may premise a cognizable federal habeas claim." (Doc. No. 12 at 4); *Lopez v. Ndoh*, 2016 WL 3418432, at *1-2 (E.D. Cal. June 22, 2016) (also collecting cases that the remedial orders in *Coleman/Plata* do not provide a civil rights plaintiff with an independent cause of action under § 1983 because the orders do not have the effect of creating or expanding a plaintiff's constitutional rights); *Miller v. Rickley*, 2016 WL 7480265, at *6 (C.D. Cal. Nov. 22, 2016) ("Although the

5

three-judge court [in *Coleman/Plata*] was convened in response to 'the deprivation of [a] Federal right' that had already been recognized, *see* 18 U.S.C. § 3626(a)(3)(i), orders by that court do not themselves expand a habeas petitioner's constitutional rights."); *Knapp v. L.A. County Sheriff's Dept.*, 2018 WL 6505992, at *8 (C.D. Cal. Dec. 11, 2018). Thus, Petitioner's claim that CDCR violated his constitutional rights by allegedly failing to comply with the February 10, 2014 order in *Coleman/Plata* fails to state a cognizable federal habeas claim; and the undersigned recommends that Ground Two of the Petition be dismissed for lack of federal habeas jurisdiction.

As a final matter, as explained by this district in *Lopez*, the Court notes that

> even if this Court were empowered to hear the Petition on its merits, the Court would still deny the petition. A review of the court docket in *Coleman/Plata* does not support Petitioner's allegation that he is entitled to receive a sentence reduction or an award of additional credits, much less federal habeas relief that is essentially injunctive in nature, i.e., directing Respondents to modify Petitioner' sentence to receive greater credit-earning than is presently being awarded to him. To the contrary, as Respondent correctly points out, the parties in the class action have expressly stipulated that the plaintiffs would drop the claim that the credit-earning provisions of the court's February 10, 2014 order would apply to inmates required to register as sex offenders under Pen. Code § 290. (Case No. 2:90-cv-0520-LKK-DAD, Doc. 5254). On December 14, 2014, the parties stipulated to the three-judge panel that plaintiffs "withdraw their demand that CDCR expand 33.3% credit earnings to all non-violent second strike offenders, including those who have to register under Penal Code section 290." (*Id.*, p. 2). It is difficult to conceive how CDCR, or the California courts for that matter, could interpret the language in that stipulation in any other way than that Petitioner, as a registered sex offender under § 290, is not entitled to the credits he claims he should now be awarded. Thus, even if Petitioner were entitled to bring a collateral suit separate and apart from the class action, such a claim would have no merit.

*Lopez*, 2016 WL 3418432, at *3.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule

6

22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id*.  Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further.  The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **RECOMMENDED**:

1. Respondent's Motion to Dismiss (Doc. No. 12) be **GRANTED**.
2. The Petition (Doc No. 1) be dismissed for lack of federal habeas jurisdiction.
3. Petitioner be denied a certificate of appealability.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   June 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE